UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ADRIAN ARMSTRONG,

                     Plaintiff,

-against-

WINDWARD BORA LLC,

                     Defendant.

**VERIFIED COMPLAINT**

No 1: 22-CV-6081

Plaintiff Adrian Armstrong ("Plaintiff") by his undersigned counsel of record, as for his Complaint against Defendant Windward Bora LLC ("Defendant") alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings the present action to cancel a mortgage encumbering his home.

2. Defendant voluntarily dismissed a foreclosure action against Plaintiff by notice after previously discontinuing another foreclosure action brought in state court.

3. Under the Federal Rules of Civil Procedure, the multiple voluntary dismissals operate as an adjudication on the merits, and the mortgage at issue is no longer enforceable.

4. Even though Defendant can never enforce the mortgage, it remains a cloud on Plaintiff's title.

5. Plaintiff brings the present action to cancel the mortgage.

## THE PARTIES

6. Plaintiff Adrian Armstrong is an African-American homeowner residing at 684 MacDonough Street, Brooklyn NY 11233.

7. Upon information and belief, Windward Bora LLC is a limited liability company organized under the laws of the State of Delaware. Windward Bora LLC is a single-member limited liability company whose sole member, Yonel Devico, is a citizen of the Kingdom of

1

Morocco. Upon information and belief, Devico is lawfully admitted for nonpermanent residence in the United States and is residing in the State of Florida. For the purposes of diversity, Windward Bora LLC is a citizen of Morocco.

## JURISDICTION AND VENUE

8. This action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

9. Venue is deemed proper in this District pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this Court.

10. Moreover, venue is proper in this District because this action concerns the discharge and satisfaction of a mortgage upon real property located within the Eastern District.

## STATEMENT OF FACTS

11. Plaintiff is the owner of his home, located at 684 MacDonough Street, Brooklyn, NY 11233 (the "Property").

12. Plaintiff purchased the Property in March of 2005 together with Ayana B. Armstrong, in a deed recorded in the Office of the City Register of the City of New York on April 13, 2005.

13. Ayana B. Armstrong later deeded her remaining interest in the Property to the Plaintiff in a deed recorded in the Office of the City Register of the City of New York on November 3, 2016.

14. On or about March 29, 2005, Plaintiff and Ayana Armstrong obtained the mortgage that is the subject of this litigation (the "Subject Mortgage") from GB Home Equity, LLC ("GB Home Equity") on the property in the amount of $84,600.00.

15. Subsequently, Plaintiff defaulted on the terms of the Subject Mortgage.

16. On August 12, 2014, Guaranty Bank, as successor-in-interest to GB Home Equity, brought a foreclosure against Plaintiff in New York State Supreme Court, County of Kings bearing the index number 507360/2014 ("the 2014 Foreclosure Action").

17. Upon information and belief, Defendant Windward Bora LLC obtained an interest in the Subject Mortgage on or about April 4, 2018, while the 2014 Foreclosure Action was still pending.

18. Upon information and belief, Defendant Windward Bora LLC retained the law firm, Margolin & Weinreb Law Group ("Margolin & Weinreb"), to represent it with regard to collecting on the Subject Mortgage.

19. Through a letter dated May 8, 2018, Margolin & Weinreb demanded payment from Plaintiff on behalf of Defendant Windward Bora LLC.

20. In June 2018, a Consent to Change Attorney was executed, making Margolin & Weinreb the attorneys of record for the plaintiff in the 2014 Foreclosure Action. That Consent to Change Attorney was executed on June 11, 2018 by Yonel Devico on behalf of "Windward Bora LLC, Inc., as Successor in Interest to Plaintiff."

21. Although the caption for the 2014 Foreclosure Action was never amended to reflect a change in plaintiff, continuation of the action under the original party's name after transfer of an interest in a mortgage is permissible pursuant to New York Civil Practice Law and Rules § 1018.

22. On August 7, 2018, Margolin & Weinreb filed a motion on behalf of the plaintiff in the 2014 Foreclosure Action to discontinue the action.

23. Upon information and belief, Margolin & Weinreb filed the motion to discontinue on behalf of and at the direction of Defendant Windward Bora LLC.

24. That motion was granted, and the 2014 Foreclosure Action was discontinued by order of the New York State Supreme Court dated November 1, 2018, and entered on December 3, 2018.

25. On November 8, 2018, Defendant commenced a foreclosure action under its own name against Plaintiff in the United States District Court, Eastern District of New York, bearing case number 18-cv-06355 (SJ)(SJB) (the "2018 Foreclosure Action").

26. On March 15, 2021, Windward Bora, LLC voluntarily dismissed the 2018 Foreclosure Action on notice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

27. These multiple voluntary dismissals have harmed Plaintiff, placing a defect on his title. Such defects will have caused Plaintiff difficulty selling his home, has reduced equity and wealth, if or when Plaintiff decides to bequest the subject property to his beneficiaries. In addition, given that historically Black homeowners have had less wealth due to years of racial discrimination in the housing market and racist lending practices, propagating this inequality by not cancelling the subject mortgage will result in additional injustice.

## CAUSE OF ACTION
### New York Real Property Actions and Proceedings Law ("RPAPL") § 1501

28. Plaintiff repeats and realleges the prior allegations as if fully set forth herein.

29. RPAPL § 1501(1) permits a claim to "compel the determination of any claim adverse" to the plaintiff's claimed "estate or interest in real property."

30. In determination of such a claim, the Court may decide "any other question of fact or law upon which an adjudication of the adverse claims of the parties may depend." RPAPL § 1501(2).

31. The Subject Mortgage is no longer enforceable because the voluntary dismissal by notice of the 2018 Foreclosure Action operated as a dismissal on the merits.

32. Under Federal Rule of Civil Procedure 41(a)(1)(B), "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."

33. The 2014 Foreclosure Action and the 2018 Foreclosure Action are both based on the same claim, namely Plaintiff's default on his obligations under the Subject Mortgage.

34. Plaintiff remained in default on the Subject Mortgage at all relevant times, and both the 2014 Foreclosure Action and the 2018 Foreclosure Action arise out of the same, ongoing mortgage default.

35. Plaintiff Adrian Armstrong was a defendant in both the 2014 Foreclosure Action and the 2018 Foreclosure Action.

36. As a successor to a property interest in the Subject Mortgage, Defendant Windward Bora, LLC is in privity with Guaranty Bank, the named plaintiff in the 2014 Foreclosure Action.

37. Additionally, Defendant Windward Bora, LLC was the real party in interest in the 2014 Foreclosure Action at the time that the action was voluntarily discontinued.

38. As a result, the Subject Mortgage is an unenforceable cloud on Plaintiff's title to the Property and must be cancelled.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff requests that this Court issue an Order and Judgment:

1. Cancelling the Subject Mortgage; and
2. Granting such further relief as this Court may deem just and proper.

Dated: October 11, 2022  Respectfully Submitted,
New York, NY

/s/Alireza Vaziri
Alireza Vaziri

Mobilization for Justice, Inc.
Attorneys for Plaintiff
100 William Street, 6th Floor
New York, NY 10038
Tel.: (212) 417-3788
Fax.: (212) 417-3890
Email: avaziri@mfjlegal.org